34

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )

Plaintiff,

v.

MGM GRAND DETROIT, LLC, )

Respondent. )

Case: 2:11-mc-50764
Assigned To : Tarnow, Arthur J.
Referral Judge: Michelson, Laurie J.
Assign. Date : 06/20/2011 @ 4:23pm
Description: OTH EQUAL OPPORTUNITY COMMISSION V MGM GRAND DETROIT LLC (EB)

**APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

1. This is an action for enforcement of a subpoena issued pursuant to Section 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-9.

2. Jurisdiction is conferred upon the court by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9.

3. Applicant and Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the federal agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 710 of Title VII, 42 U.S.C. § 2000e-9.

4. The Respondent is an employer doing business in the State of Michigan with a facility at 1777 Third Street, Detroit, MI 48226.

5. On January 5, 2011, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9), the EEOC issued to Respondent Subpoena No. DT-11-26, which was duly served on the Respondent. (Ex. E).

6. Subpoena No. DT-11-26 required Respondent to produce information needed as part of the EEOC's investigation of a charge of unlawful employment practices, Charge No. 471-2009-03190, which has been filed against the Respondent. *Id.*

7. The Respondent has not filed a petition to revoke or modify the Subpoena.

8. The Respondent has refused to comply with Subpoena No. DT-11-26.

9. Respondent's failure to comply with the Subpoena has delayed and hampered the EEOC's investigation.

10. The accompanying Declaration of Gail Cober, Detroit Field Office Director, filed concurrently herewith, and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application. (Ex. A).

WHEREFORE, the Equal Employment Opportunity Commission prays:

a) That the Court issue an Order directing Respondent to appear before this Court and to show cause, if there be any, why an Order should not issue directing Respondent to comply with the subpoena;

b) That, upon return of the Order to Show Cause, an Order issue directing Respondent to comply with the subpoena; and

c) That the Equal Employment Opportunity Commission be granted its costs and such further relief as may be necessary and appropriate.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: June 20, 2011

/s/ Lauren Gibbs

LAUREN GIBBS (P67872)
Trial Attorney
lauren.gibbs@eeoc.gov

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| Plaintiff, | Case:2:11-cv-12676<br>Judge: Tarnow, Arthur J.<br>MJ: Michelson, Laurie J.<br>Filed: 06-20-2011 At 04:23 PM<br>OTH EQUAL EMPLOYMENT OPPORTUNITY CO<br>MMISSION V MGM GRAND DETROIT, LLC (EB |
| v. | |
| MGM GRAND DETROIT, LLC, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

LAUREN GIBBS (P67872)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

INDEX OF EXHIBITS ..... iv

STATEMENT OF QUESTIONS PRESENTED ..... iv

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

III. ARGUMENT ..... 4

A. The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena ..... 4

B. Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena. ..... 5

1. The subpoena is valid and within the agency's authority. ..... 6

2. All procedural prerequisites have been fulfilled. ..... 6

3. The information sought is relevant. ..... 7

C. Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent ..... 8

IV. CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Cases**

*Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062 (5th Cir. 1979) .... 4
*EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780 (7th Cir. 1983) .... 6
*EEOC v. C & P Tel. Co.*, 813 F. Supp. 874 (D.D.C. 1993) .... 6
*EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426 (9th Cir. 1983) (*en banc*); .... 6
*EEOC v. Citicorp Diners Club*, 985 F.2d 1036 (10th Cir. 1993) .... 6
*EEOC v. City of Milwaukee*, 919 F. Supp. 1247 (E.D. Wis. 1996) .... 4
*EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80 (4th Cir. 1995) .... 5
*EEOC v. County of Hennepin*, 623 F. Supp. 29 (D. Minn. 1985) .... 4
*EEOC v. Dillon Cos.*, 310 F.3d 1271 (10th Cir. 2002) .... 5, 7
*EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416 (E.D. Pa. 2001) .... 5, 7
*EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920 (11th Cir. 1991) .... 5
*EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959 (D.C. Cir. 1999) .... 4
*EEOC v. Md. Cup Corp.*, 785 F.2d 471 (4th Cir. 1986) .... 5, 8
*EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995) .... 6
*EEOC v. Roadway Express, Inc.*, 261 F.3d 634 (6th Cir. 2001) .... 7
*EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526 (N.D. Ind. 1983) .... 4
*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) .... 5, 7
*EEOC v. United Air Lines, Inc.*, 287 F.3d 643 (7th Cir. 2002) .... 5, 7
*EEOC v. Univ. of Pittsburgh*, 643 F.2d 983 (3rd Cir. 1981) .... 7
*Univ. of Pa. v. EEOC*, 493 U.S. 182 (1990) .... 5,7

**Statutes**

29 U.S.C. § 161 .... 4,6
42 U.S.C. § 2000e *et seq.* .... 1, 6, 7

**Regulations**

29 C.F.R. § 1601.16(a) .... 6
29 C.F.R. § 1601.16(b)(1) .... 4

## INDEX OF EXHIBITS


Exhibit A – Declaration of Gail Cober, Director Detroit Field Office

Exhibit B – Charge of Discrimination

Exhibit C – Notice of Charge

Exhibit D – March 26, 2010 Request for Information

Exhibit E – Subpoena DT 11-26

Exhibit F – April 5, 2011 Email to Respondent's Counsel

## STATEMENT OF QUESTIONS PRESENTED

1. Is Respondent barred from challenging judicial enforcement of the subpoena due to its failure to exhaust available administrative remedies?

   The Commission says: Yes.

2. Is Respondent prohibited from disregarding the Commission's administrative subpoena for the production of evidence necessary for investigating the Charge of Discrimination against Respondent?

   The Commission says: Yes.

## I. INTRODUCTION

This case is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating a charge of discrimination on the basis of sex and retaliation filed against MGM Grand Detroit, LLC ( "Respondent") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking documents relating to that investigation. Respondent has refused to produce requested documents, and that refusal has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order To Show Cause why the subpoena should not be enforced.

## II. FACTUAL BACKGROUND

The Charging Party filed a charge of discrimination alleging that Respondent discriminated against him on the basis of sex, and then retaliated against him when he complained. The Charging Party alleges that he was subjected to sexual harassment by a co-worker, and that Respondent retaliated against Charging Party when he complained about the harassment. The EEOC sent the Respondent Notice of the Charge and began to investigate whether Title VII had been violated. (Exhibit A, Declaration of Gail Cover, Detroit Field Office Director)

In its investigation of the charge, the EEOC requested that Respondent provide the following information to the Commission by April 9, 2010:

1. Provide a statement of position which addresses the allegations raised by Charging Party in his charge of discrimination.
2. Provide a complete copy of any and all investigations conducted into Charging Party's complaints of sexual harassment and a hostile work environment. Include all notes, interviews, reports, conclusions reached, and actions taken. If no investigation was conducted, explain why.
3. Provide any and all reasons why Charging Party was denied a transfer after repeated requests. Support all reasons with documentation.
4. Provide a copy of any and all policies regarding sexual harassment in the workplace.
5. Provide any and all reasons why Charging Party was suspended in mid-December 2008. Support all reasons with documentation.

(RFI, 3/26/10, Exhibit D.)

On April 9, 2010, Respondent's counsel, Louis Theros ("Theros") spoke with the Investigator and indicated that he was working on a settlement with Charging Party. After receiving no response, the Investigator spoke with counsel for the Charging Party, who requested the Commission delay issuing a subpoena for one month, so that he could draft a settlement demand. After a month, the Commission did not receive a response to the RFI, or indication that the parties had settled the Charge. Over the course of the next several months, the Investigator left messages for Mr. Theros regarding the RFI. Finally, in December 2010, the Investigator spoke with Mr. Theros. Mr. Theros stated that he would call no later than December 9, 2010 to inform the Investigator of when the documents could be expected. The Commission received no response.

On January 5, 2011, the Director of the Detroit Field Office issued and served upon the Respondent a subpoena for the information previously requested in the Commission's RFI. The subpoena also requested the following, additional information:

1. Provide a complete copy of Charging Party's full personnel file.
2. Provide a copy of the full personnel file of Clarence (LNU), a chef in Saltwater Restaurant during the time period November 2008 through March 2009. If more than one Clarence meets this description, provide all such files.
3. Provide copies of all documents regarding any and all complaints against Clarence.
4. Provide copies of all documents regarding Clarence's transfer to Saltwater Restaurant in or about November 2008.

(Exhibit E, Subpoena, 1/5/11). The subpoena directed Respondent to produce the requested documents by January 18, 2011. (Ex. E).

On January 20, 2011, the Investigator spoke with Mr. Theros and Candace Randle (another attorney representing Respondent). Randle stated the Respondent would provide the requested information by February 2, 2011. No response was received. On April 4, 2011, the Commission's attorney spoke with Mr. Theros, in a final effort to obtain voluntary compliance with the subpoena. Mr. Theros stated that the parties were still working on settling the Charge. The Commission's attorney informed Mr. Theros that the Commission had granted the Respondent a great deal of latitude in responding to its information requests on the assertion that a settlement was pending. However, this case was filed in August 2001, and the Commission could no longer delay its investigation. Mr. Theros assured the Commission attorney that he had

sent a draft position statement to Respondent for review, and he had most of the requested information. He claimed he would speak to his client, and get the information to the Commission no later than April 8, 2011. The Commission attorney memorialized that conversation in an email on April 5, 2011. (Exhibit G, Email, 4/5/11). To date, the Commission has received no response.

## III. ARGUMENT

Respondent failed to exhaust its administrative remedies, and therefore, has forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, Respondent has no valid defense for failing to comply with the EEOC's subpoena.

### A. The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.

Pursuant to 29 U.S.C. § 161[1] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) (The mandatory language of §1601.16(b)(1) "creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

---

[1] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9.

Respondent did not petition the EEOC to revoke or modify the subpoena within five days, or at any other time, as required by the statute and the related regulations. (Ex. A). Consequently, all Respondent's objections to enforcement of the subpoena, other than constitutional objections, have been waived. Because Respondent does not, and cannot, raise any constitutional objections, the subpoena must be enforced.

**B. Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.**

Even if Respondent's objections are considered, it has no valid defense for failing to comply with the EEOC's subpoena. EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 420 (E.D. Pa. 2001); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *United Air Lines*, 287 F.3d at 649; *City of Norfolk Police*

*Dep't*, 45 F.3d at 82; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983). Once this showing has been made, a court will enforce the subpoena unless Respondent can prove that the subpoena is unduly burdensome. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475-76 (4th Cir. 1986); *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

**1. The subpoena is valid and within the agency's authority.**

First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). Congress has conferred on the Commission broad powers of access to records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). The EEOC is investigating the Charging Party's allegations that Respondent engaged sexual harassment and retaliation in violation of Title VII. Such an investigation is within the agency's statutory authority. Thus, the first prong of the test has been satisfied.

**2. All procedural prerequisites have been fulfilled.**

Second, a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena)[2]. *See*

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or

*also EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). Respondent does not, and could not, allege that these basic requirements have not been met.

**3. The information sought is relevant.**

Finally, the information sought by the subpoena is relevant to the issue of sex discrimination and retaliation under investigation. The concept of relevancy during an EEOC investigation is broader than during litigation. Section 709(a) broadly grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002); *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong," *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 421 (E.D. Pa. 2001).

---

evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

It is undeniable that the requested information "might cast light on the allegations against the employer." The Charging Party alleges that he was subjected to sexual harassment by a co-worker, and then retaliated against by Respondent when he complained of the harassment. The EEOC seeks documents regarding the harassment and the retaliation against Charging Party. Request No. 1 is tailored to obtain evidence of Charging Party's complaints of sexual harassment to Respondent. Request No. 2 will provide the Commission information relating Charging Party's allegations of retaliation by Respondent for failure to transfer Charging Party. Request No. 3 requests information pertaining to Charging Party's suspension, which Charging Party alleges was retaliatory. Request No. 4 seeks information about Respondent's policies on harassment in the workplace. Request No. 5 asks for Charging Party's personnel file. Requests No. 6-8 seek information on the alleged harasser, including previous complaints against him.

Thus, the information is relevant to the investigation and the subpoena should be enforced.

**C. Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.**

It follows that the Court should enforce the subpoena unless Respondent shows that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). Respondent does not, and could not, claim that compliance with the subpoena would impose an undue burden on the Company. Thus, the subpoena should be enforced.

## IV. CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. Further, Respondent has not established that complying with the subpoena would be unduly burdensome. The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, enforce the subpoena.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: June 20, 2011

/s/ Lauren Gibbs
LAUREN GIBBS (P67872)
Trial Attorney
lauren.gibbs@eeoc.gov

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | MISC. ACTION NO. |
| v. | ) | Honorable |
| MGM GRAND DETROIT, LLC, | ) | |
| Respondent. | ) | |

**Declaration of Field Director**

I, Gail Cober, solemnly state as follows:

1. I am the Director of the Detroit Field Office of the Equal Employment Opportunity Commission ("EEOC" or "Commission"), and, in that role, I am responsible for the operations of the office, including the investigation of charges of employment discrimination.

2. The Detroit Field Office is responsible for investigating charges that employers have engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3. Among the EEOC's investigative files in the Detroit Field Office is the charge file for Charge No. 471-2009-03190 ("Charge"), filed against MGM Grand Detroit, LLC ("Respondent") by Charging Party Steven Town.

4. I state the following based on my personal examination of the file for Charge No. 471-2009-03190:

a. On August 13, 2009, the EEOC's Detroit Field Office received the Charge, filed under Title VII by Charging Party, Steven Town, alleging that he was discriminated against on the basis of sex, and retaliated against, by Respondent. (Exhibit B.)

b. On August 28, 2009, the EEOC served the Respondent with notice of the Charge. (Exhibit C.)

c. On March 26, 2010, the EEOC served a written Request for Information ("RFI") on the Respondent, returnable by April 9, 2010. (Exhibit D.)

d. The Commission granted Respondent multiple extensions for production of the information requested in the RFI based on Respondent's assurance that it was providing the information, or settling the Charge with the Charging Party.

e. However, the Respondent failed to produce the requested information.

f. On January 5, 2011, as part of its investigation of the Charge, the EEOC issued Subpoena No. DT 11-26, returnable on January 18, 2011, and served the Subpoena on the Respondent by certified mail. (Exhibit E.)

5. As of the date of this Declaration, the Respondent has failed to provide the EEOC with the information requested in Subpoena No. DT 11-26.

6. The Respondent has not filed a Petition to Revoke or Modify the Subpoena, and the five-day period for filing such a petition with respect to a Title VII subpoena has expired.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/20/2011

Gail Cober, Director
Detroit Field Office

# EXHIBIT B

# CHARGE OF DISC..IMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGEN: [ ] FEPA [x] EEOC

CHARGE NUMBER: 471-2009-03190

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| STEVEN TOWN | (248) 990-7364 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 936 ANNABELLE AVENUE, HAZEL PARK, MICHIGAN 48030 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| MGM GRAND DETROIT LLC | 500+ | (877) 888-2121 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1777 THIRD STREET, DETROIT, MICHIGAN 48226 | WAYNE |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(e's))

[ ] RACE [ ] COLOR [x] SEX [ ] RELIGION [ ] AGE
[x] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)
NOVEMBER 2008-MARCH 2009

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Claimant worked as a chef at Saltwater, a restaurant located at the MGM Grand Hotel and Casino in Detroit, from September 2007 until his constructive discharge on or about March 2009. In November 2008, staff from another restaurant at the MGM Grand transferred to the Saltwater Kitchen. Clarence (last name unknown) was among the chefs who transferred to Saltwater. Within a short period of time, Clarence began to harass claimant by calling him his "bitch, "his "girlfriend," and "sweet cheeks" on a daily basis. As time passed, Clarence's remarks became more severe. On several occasions, Clarence told claimant he was going to "rape you until your asshole bleeds" and warned claimant, "Don't let me catch you alone in the walk-in" referring to the kitchen's walk-in refrigerator. On numerous occasions, when Clarence made an inappropriate, sexual remark to claimant, claimant would complain to his supervisor, the Chef de Cuisine of Saltwater, Marc St. Jasques, who worked within a few feet of claimant and personally witnessed Clarence's harassment of claimant. St. Jasques alternatively shrugged his shoulders or told claimant to "laugh it off" but never otherwise responded to claimant's complaints about Clarence. After claimant complained to officials at MGM Grand's Human Resources Department, respondent retaliated against him by suspending him for alleged unruly conduct in mid-December 2008 when claimant allegedly raised his voice at Clarence because of the harassment. In addition, claimant's supervisors ignored him and respondent failed to pay him due overtime and other wages. As a result of the harassment and retaliation, claimant became anxious and stressed, which he is treating with therapy and medication taken under the supervision of a physician. Respondent's Human Resources officials refused to grant claimant's repeated requests for a transfer as claimant's working conditions became unbearable, resulting in his constructive discharge. Claimant left his position at Saltwater because of medical advice that the harassment and retaliation he was experiencing at work was injurious to his health.

I want this charge filed **ONLY with the EEOC**. I will advise the **EEOC** if I change my address or telephone number and I will cooperate fully with the **EEOC** in the processing of my charge in accordance with its procedures.

I declare under penalty of perjury that the foregoing is true and correct.

7/27/09 [signature]

Date Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

# EXHIBIT C

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

Mr. Ronald K. Holloway
Director of Cast Relations
MGM GRAND, LLC
1777 Third Street
Detroit, MI 48226

PERSON FILING CHARGE

**Steven Town**

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**471-2009-03190**

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.
2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.
3. [X] Please provide by **18-SEP-09** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.
5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **11-SEP-09** to **Stephanie E. Perkins, ADR Coordinator, at (313) 226-4623**
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Peter N. Morelli,**
**Enforcement Supervisor**
*EEOC Representative*

*Telephone* **(313) 226-3783**

**Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] AGE [ ] DISABILITY [X] RETALIATION [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **August 28, 2009** | **Danny G. Harter, District Director** | |

# EXHIBIT D



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

Louis Theros
Butzel Long
150 West Jefferson, Suite 100
Detroit, MI 48242

Re: Charge No: 471-2009-03190
Steven Town-v-MGM Grand Casino

Dear Mr. Theros:

The above referenced charge of discrimination was recently assigned to me for investigation. A review of the case file discloses that the above referenced charge of discrimination recently came out of our Alternative Dispute Resolution (ADR) program. As no resolution was reached in ADR, this charge has been returned to me for investigation. For that reason, I am sending this request for information to you, to begin my investigation. Please respond to the following request for information by April 9, 2010. If you are interested in discussing a possible settlement, please call me at (313) 226-4629.

1. Provide a statement of position which addresses the allegations raised by Charging Party in his charge of discrimination.

2. Provide a complete copy of any and all investigations conducted into Charging Party's complaints of sexual harassment and a hostile work environment. Include all notes, interviews, reports, conclusions reached, and actions taken. If no investigation was conducted, explain why.

3. Provide any and all reasons why Charging Party was denied a transfer after repeated requests. Support all reasons with documentation.

4. Provide a copy of any and all policies regarding sexual harassment in the workplace.

5. Provide any and all reasons why Charging Party was suspended in mid-December 2008. Support all reasons with documentation.

I am sure you are aware of the EEOC's access to evidence and authority to issue a subpoena in instances where some party fails or refuses to cooperate with the investigation. While the EEOC attempts to gain voluntary cooperation with its investigation, be advised that failure to respond may result in the issuance of a subpoena.

If you have any questions, please feel free to contact me at (313)226-4629.

3/26/10
Date

Sincerely,

Spyridon E. Mellos
Investigator

# EXHIBIT E

EEOC Form 136 (Rev. [illegible])

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO: Ronald K. Holloway, Director of Cast Relations
MGM Grand, LLC
1777 Third Street
Detroit, MI 48226

NO: DT-11-26

IN THE MATTER OF: Steven Town-v-MGM Grand Detroit, LLC

Charge No. 471-2009-03190

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

[ ] Testify before: [ ] Produce and bring * or [X] Mail * the documents described below to:

[ ] Produce access to the evidence described below for the purpose of examination or copying to:

Spyridon E. Mellos, Investigator of the Equal Employment Opportunity Commission

at 477 Michigan Avenue, Room 865, Detroit, MI 48226 on January 18, 2011 at 12:00 o'clock

The evidence required is

1. Provide copies of any and all investigations conducted into Charging Party's complaints of sexual harassment and a hostile work environment.
2. Provide copies of any documentation showing why Charging Party was denied a transfer despite several requests.
3. Provide copies of any and all documentation showing why Charging Party was suspended in mid-December 2008.
4. Provide copies of any and all policies regarding harassment in the workplace.
5. Provide a complete copy of Charging Party's full personnel file.
6. Provide a copy of the full personnel file of Clarence (LNU), a Chef in Saltwater Restaurant during the time period November 2008 through March 2009. If more than one Clarence meets this description, provide all such files.
7. Provide copies of all documents regarding any and all complaints against Clarence (referred to in Request #6).
8. Provide copies of all documents regarding Clarence's transfer to Saltwater Restaurant in or about November 2008.

This subpoena is issued pursuant to [X] [illegible] [ ] (ADEA) 29 U.S.C. 626(a) [ ] [illegible] U.S.C. 209 [ ] [illegible]

ISSUING OFFICIAL (Typed name, title and address)

Gail D. Cober
EEOC Field Director
477 Michigan Avenue, Room 865
Detroit, MI 48226

ON BEHALF OF THE COMMISSION

[illegible signature]

Date [illegible]

*NOTICE TO PERSON SUBPOENAED [illegible] to a Commission office unless [illegible] required documents

# SUBPOENA

## PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

[ ] in person

[X] by certified mail

[ ] by leaving a copy with a responsible person, at the principal office or place of business, to wit:

Name: Spyridon E. Mellos

Position: Investigator

Address: EEOC – 477 Michigan Avenue, Rm. 865, Detroit, MI 48226

On 01/05/2011
(Mo, day & year)

______________________
(Signature of person making service)

______________________
(Official title, if any)

State: Michigan

Parish/County: Wayne

## CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

______________________

On ______________________
(Mo, day & year)

______________________
(Signature of person making service)

______________________
(Official title, if any)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002 See Reverse for Instructions




Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7004 2510 0006 2731 2006**
Status: **Delivered**

Your item was delivered at 11:17 am on January 06, 2011 in DETROIT, MI 48226. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >* (?) *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

Go >

Site Map Customer Service Forms Gov't Services Careers Privacy Policy Terms of Use Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved. No FEAR Act EEO Data FOIA

# EXHIBIT F

**LAUREN GIBBS - Town v. MGM Grand, Charge No. 471-2009-03190**

**From:** LAUREN GIBBS
**To:** theros@butzel.com
**Date:** 4/5/2011 2:43 PM
**Subject:** Town v. MGM Grand, Charge No. 471-2009-03190

Dear Mr. Theros,

This email is to confirm and clarify our conversation yesterday regarding the outstanding subpoena, which was received by your client on January 5, 2011. Per our conversation, you stated that you had a draft position statement, only needing approval from your client, and most of the documents responsive to the subpoena request. You stated you needed to talk to your client, but thought you could produce the requested information by the end of this week (April 8). At this point, I will assume that you are planning to produce the requested information no later than April 8. In the event that you cannot produced the requested information by April 8, please let me know as soon as possible, along with a date certain that we can expect the information. If I do not hear from you, I will expect the information no later than April 8.

The Commission has given Respondent great leeway in producing information in this investigation based on your assertion that a settlement was expected. However, this charge was filed in August 2009, and to date, has not received any documents or information from the Respondent. The Commission cannot delay its investigation any longer. Therefore, if the information requested in the subpoena is not received by April 8, or the alternate that you ascertain to me, I will need to file a subpoena enforcement action in federal court.

Thank you,

*Lauren Gibbs*

Trial Attorney
United States Equal Employment Opportunity Commission
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
Phone: (313) 226-4620
Fax: (313) 226-6584
lauren.gibbs@eeoc.gov

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. Be aware that any unauthorized disclosure, copying, distribution, or use of this email or any attachment is prohibited. If you have received this email in error, please notify me immediately by return email and promptly delete this email and its attachments from your computer system. We do not waive deliberative process or attorney-client privilege, nor do we waive any rights to non-disclosure of our work product by the transmission of this message. Thank you.